```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

GENERAL TEAMSTERS LOCAL UNION  :
NO. 114, AFFILIATED WITH THE   :  NO. 1:06-CV-00189
INTERNATIONAL BROTHERHOOD OF   :
TEAMSTERS,                     :
                               :
         Plaintiff,            :  **OPINION AND ORDER**
                               :
   v.                          :
                               :
THE CASTELLINI COMPANY,        :
                               :
         Defendant.            :

This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc. 10), Defendant's Combined Response and Cross Motion for Summary Judgment (docs. 14, 15), and Plaintiff's Combined Reply in Support of its Motion for Summary Judgment and Response to Defendant's Cross Motion (docs. 16, 17). For the reasons indicated herein, the Court DENIES Plaintiff's Motion, GRANTS Defendant's Motion, and DISMISSES this case from the Court's docket.

**I. Background**

Plaintiff General Teamsters Local Union 114 ("Union") brought its Complaint on April 3, 2006, alleging that Defendant Castellini Company ("Castellini") violated Section 301 of the Labor Relations Act of 1947, 29 U.S.C. § 185, when it unilaterally changed health benefits provided to employees, while ignoring terms of the collective bargaining agreement mandating that any change in health insurance benefits must be reasonably similar to benefits

currently in existence (doc. 1).  Plaintiff appealed Defendant's change in health insurance benefits through the grievance procedure provided in the collective bargaining agreement, which culminated in arbitration before Arbitrator Michael Paolucci (Id.). Arbitrator Paolucci issued his Opinion and Award denying Plaintiff's grievance on February 9, 2006 (Id.).  Plaintiff requests this Court vacate the Arbitrator's decision, to declare that Defendant's actions constitute a breach of the collective bargaining agreement because the changes in question did not result in "reasonably similar" health benefits, and to award Plaintiff its costs and reasonable attorneys' fees (Id.).  Defendant argues the Court should confirm the Arbitrator's decision and award it reasonable attorneys' fees (doc. 5).  As the Union has its principal place of business in Ohio, and Castellini is a Delaware corporation, there is no dispute that the Court has both federal subject matter and diversity jurisdiction over the dispute.

**II. Legal Standard for Summary Judgment**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962);

LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment. . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir.

1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

4

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F .2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

5

**III. The Parties' Cross Motions**

The dispute between the parties involves differing interpretations of Section 28:12 of the 2004 collective bargaining agreement, which provides:

> 28:12 The Employer reserves the right to select the insurance carrier to provide insurance benefits, including benefits under the Plus Plan, and to change insurance carriers or to self-insure for any or all of the benefits, provided the benefits remain reasonably similar to those which existed before the change. Prior to any adverse change in health insurance benefits, the Employer agrees to review such contemplated benefit change(s) with the Union prior to the time such change(s) become effective. After such review, the Employer need not have the Union's agreement to implement the change(s). If a contemplated benefit change(s) in health insurance is reasonably similar to that which already exists, the Employer need not review such contemplated change(s) with the Union prior to the time such change(s) become effective.

Plaintiff views the entire provision as controlled by its first sentence, such that the provision only allows for changes to the health insurance benefits at issue when such changes result in benefits that are reasonably similar to those that existed before the change (doc. 10). Because the changes effected by Defendant resulted in changes to the "Plus Plan," including a new deductible, an increase in the out-of-pocket expenses for family plans, increases in certain co-payments, as well as changes to the "PPO Plan" including increases in deductibles and out-of-pocket expenses by one hundred percent, and new co-payments, Plaintiff argues it is readily apparent that such changes do not result in "reasonably similar" benefits (Id.). Plaintiff argues Arbitrator Paolucci

failed to address whether the changes resulted in "reasonably similar" benefits (Id.). Such failure, argues Plaintiff, means the Arbitrator's decision conflicts with the collective bargaining agreement, and should be overruled (Id.).

Defendant argues the Arbitrator properly interpreted the provision (Id.). According to Defendant, it bargained for the language in the third sentence of the provision, in response to an earlier arbitration decision by John Murphy that more language would be necessary in order to "snuff out the unqualified limitation on benefit changes" (Id.). Defendant argues the plain meaning of the resulting language, that "the employer need not have the Union's agreement to implement changes," is that the only limitation on the Company's ability to make changes to the health benefits is that of reviewing any adverse changes prior to implementation (Id.). Arbitrator Paolucci concluded in his decision that "the Company did exactly what Murphy informed them they had to do-they successfully negotiated language that made the change in benefits under their unilateral control" (Id.). In Defendant's view, Plaintiff's interpretation is nonsensical that Defendant may adversely change benefits without Union approval only when such changes result in reasonably similar benefits (Id.).

As the parties both note, the standard of review for vacating arbitration awards is "one of the narrowest standards of judicial review in all of American Jurisprudence." Tenn. Valley

Auth. v. Tenn. Valley Trades & Labor Council, 184 F.3d 510, 514-15 (6th Cir. 1999). The Supreme Court articulated the appropriate standard of review of labor arbitration awards in United Paperworkers International Union v. Misco, Inc., 484 U.S. 29 (1987):

> [T]he arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. . .

Id. at 38. Thus, this Court plays a very limited role when asked to review the decision of an arbitrator. United Steelworkers v. Enterprise Wheel & Car, 363 U.S. 593, 599 (1960)("It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his")(emphasis added)). An arbitrator may not completely ignore the plain language of the contract in question, but a court should not reject an award on the ground that the arbitrator misread the contract. United Paperworkers, 484 U.S. at 38.

In the light of these principles, the Court is constrained in this case to uphold the decision of Arbitrator

8

Paolucci. The Court is not convinced that the Arbitrator sufficiently addressed Plaintiff's argument that any change in benefits must result in benefits reasonably similar to the benefits before the change. He should have. Moreover, the Court disagrees with Defendant that Plaintiff's interpretation of Section 28:12 is nonsensical. The language in the provision is sloppy and begs for contradictory interpretation. Although Plaintiff recounts a compelling history of summaries provided to it by the Defendant during negotiations that suggested the health benefits would not change, Plaintiff cannot escape the language within the four corners of the contract it bargained for.

    The record reflects that the Arbitrator considered Plaintiff's arguments, and interpreted the modifications subsequent to the Murphy decision as granting unilateral power to the Company to make any changes it desired, so long as the Company would notify the Union when the changes were adverse. Such interpretation is an arguable construction of Section 28:12. <u>United Paperworkers International Union v. Misco, Inc.</u>, 484 U.S. 29, 38 (1987). The interpretation does not merely reflect the Arbitrator's sense of justice, but draws its essence from and is rationally based upon the language inserted in section 28:12 after the arbitration with John Murphy. For these reasons, and being constrained by the extremely narrow standard of review applicable here, the Court finds no genuine issue in dispute, and concludes Defendant is

entitled to judgment as a matter of law.

**VI. Conclusion**

Having reviewed this matter, the Court finds the Arbitrator based his decision upon at least an arguable construction of the contract, and therefore such decision must be upheld. <u>United Paperworkers International Union v. Misco, Inc.</u>, 484 U.S. 29, 38 (1987). Accordingly, the Court DENIES Plaintiff's Motion for Summary Judgment (doc. 10), GRANTS Defendant's Cross Motion for Summary Judgment (docs. 14,), and DISMISSES this case from the Court's docket. Judgment upholding the Arbitrator's Award is therefore hereby ENFORCED.

SO ORDERED.

Dated: January 25, 2007        <u>s/S. Arthur Spiegel        </u>

                               S. Arthur Spiegel
                               United States Senior District Judge

10